IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUG COCHRAN

Plaintiff,

v.

JAMES MASSEY,

Defendant.                                    No. 3:12-cv-765 DRH DGW


MEMORANDUM AND ORDER

HERNDON, Chief Judge:

I. Introduction and Background

Now before the Court are cross motions for summary judgment.  Plaintiff Doug Cochran filed his motion for summary judgment (Doc. 24) on April 10, 2013 (Doc. 24).   Thereafter, defendant James Massey filed his motion for summary judgment on April 15, 2013 (Doc. 28).  Cochran contends that he is entitled to summary judgment because Massey sent an advertisement to Cochran's fax number without permission or consent.  Massey contends that summary judgment should be granted in his favor because Cochran *did* give permission.  Because the Court finds that there is a dispute of material fact as to the dispositive issue of consent, the Court denies both motions.

On July 5, 2012, Cochran filed a complaint against Massey alleging a violation of the Telephone Consumer Protection Act ("TCPA") (Doc. 2).  The complaint alleges that Massey violated the TCPA by sending an unsolicited

advertisement to the facsimile telephone number owned and maintained by Cochran.  Specifically, Cochran alleges that on May 25, 2010, Massey sent a fax transmission to Cochran, absent an established business relationship between the parties, and without Cochran's invitation or consent.

On July 20, 2012, Massey filed an answer and counterclaim (Doc. 5).  In addition to denying the allegations in Cochran's complaint, Massey's counterclaim contains various tort offenses related to the filing of a frivolous lawsuit.[1] Specifically, Massey alleges that Cochran "knowingly, deliberately, intentionally, and maliciously" filed a "groundless, frivolous, and vexatious" lawsuit for the purpose of "harassment and intimidation."

## II. Facts

Cochran owns a chiropractic business in DuQuoin, Illinois.  Massey is an attorney whose offices are located in Alvaton, Kentucky.  On May 25 2010, Cochran received via fax transmission a flyer advertising Massey's legal services. (Doc. 24-1; Doc. 2-2).  The advertisement was apparently sent to Cochran on Massey's behalf by his assistant, Tamara S. Massey. (Doc. 30, p. 17-18).

## III. Summary Judgment

Summary judgment is only appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  Where the Court considers cross motions for summary judgment, all facts and inferences are construed "in

---

[1] Massey's tort claims are not clearly delineated, but apparently include at least claims of vexatious litigation and tortious infliction of emotional distress. Massey seeks a total of $200,000 in compensatory and exemplary damages, not including attorney's fees and lost income.

favor of the party against whom the motion under consideration is made." *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006).  A party seeking summary judgment bears the initial burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact*." Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, the non-moving party then has the burden of presenting "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment will be denied unless the evidence is such that no reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

## IV. <u>Analysis</u>

"[T]o prevail on a claim under the TCPA, a plaintiff must show that the defendant: (1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement."  (Doc. 25, p. 5); *see also* 47 U.S.C. §227(b)(1)(c); *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008).  Cochran has also correctly identified the applicable statutory definition of "unsolicited," which is found at 47 U.S.C. §227(a)(5): "An advertisement is unsolicited if it is transmitted to any person without that person's prior express invitation or permission." (Doc. 25, p. 2) (internal quotation marks omitted).  The

question of permission or consent is thus dispositive of Cochran's claims under the TCPA.  Simply put, if Cochran gave Massey permission to send the fax, then the fax was not "unsolicited" and no violation of the TCPA occurred.

The record plainly shows that there is a genuine issue of material fact between the parties on the dispositive issue of consent.  Attached to the plaintiff's motion for summary judgment is an affidavit from Cochran which states: "On and prior to May 25, 2010, I did not consent or give the defendant, JAMES MASSEY, permission to send computerized or fax transmissions to (618) 542-6263—a phone/fax number owned by me." (Doc. 24-1).  The defendant's response includes an affidavit from Tamara S. Massey stating precisely the opposite: "On January 14, 2010, during a two-way telephone call that occurred between James Massey and Doug Cochran, Doug Cochran voluntarily gave James Massey oral permission to use Doug Cochran's fax number, 618-542-6263, to send a copy of the (sic) James Massey's flyer." (Doc. 30, p.16).  Because the issue of consent is clearly disputed, Cochran is not entitled to summary judgment as a matter of law on his TCPA claim.

Neither is Massey entitled to summary judgment on his tort claims.  All of Massey's tort claims assert that Cochran has filed a "groundless, frivolous, and vexatious" lawsuit.  But the Court cannot find that Cochran's TCPA claim is "groundless" if—as the Court must for purposes of Massey's motion for summary judgment— the Court resolves the disputed fact of consent in Cochran's favor.

*Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013) (court considering motion for summary judgment must "constru[e] all facts…in favor of the non-moving party").

## V. Conclusion

Accordingly, the Court **DENIES** **b**oth Cochran's motion for summary judgment (Doc. 24) and Massey's motion for summary judgment (Doc. 28).  The Court **SETS** this matter for Final Pretrial Conference on March 3, 2014 at 1:30 p.m.  Further, the parties shall contact Magistrate Judge Wilkerson's chambers if a settlement conference would be beneficial.

**IT IS SO ORDERED.**

**Signed this 30th day of January, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.01.30
11:28:31 -06'00'

**Chief Judge**
**United States District Cou**rt